UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

|                              | )  |                    |
|------------------------------|----|--------------------|
| **LEI YIN,**                 | )  |                    |
|                              | )  |                    |
| Plaintiff,                   | )  |                    |
|                              | )  |                    |
| v.                           | )  | Civil Action No.   |
|                              | )  | 17-10900-FDS       |
| **THERMO FISHER SCIENTIFIC,**| )  |                    |
|                              | )  |                    |
| Defendant.                   | )  |                    |
|                              | )  |                    |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, the Court will (1) grant plaintiff's motion for leave to proceed *in forma pauperis*; and (2) direct plaintiff to show cause why this action should not be dismissed for lack of subject-matter jurisdiction.

## I.    Factual Background

Lei Yin, who is proceeding *pro se*, has filed an action in which he alleges that his former employer, defendant Thermo Fisher Scientific, is liable for defamation and retaliation. According to the complaint, Yin "was a team leader in Thermo Fisher, when the site closure [occurred and] all [the] team member[s] had been laid off." (Compl. at 4). It alleges that before the layoff, Thermo Fisher had awarded him "a reward as outstanding employee to honor [his] service to ThermoFisher." (*Id.*). It further alleges that "[h]owever, recently, [he has] found out that ThermoFisher had spread out a set of documents entitled Lei Yin's HR files at ThermoFisher, which [he] had no chance [to] review and never agree[d] on." (*Id.*). It alleges that the "very negative 'manipulated' set of documents hurt [him] deeply." (*Id.*).

In his prayer for relief, Yin asks that his personnel files be corrected and that he receive $2 million in damages for defamation and retaliation. He invokes this Court's jurisdiction under 28 U.S.C. § 1331.

## II. Analysis

### A. Motion to Proceed *In Forma Pauperis*

Upon review of plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that plaintiff lacks fund to prepay the filing fee. The Court therefore will grant the motion.

### B. Screening of the Complaint

#### 1. Court's Authority to Screen the Complaint

Where, as here, a plaintiff is allowed to proceed without prepayment of the filing fee, summonses will not issue until the court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915(e). That statute authorizes a federal court to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are courts of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). "The existence of subject-matter jurisdiction 'is never presumed.'" *Fafel*, 399 F.3d at 410 (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, federal courts "must satisfy themselves that

subject-matter jurisdiction has been established." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In conducting the preliminary review of the complaint, the Court must liberally construes the pleading because Yin is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## 2. Federal Question Subject-Matter Jurisdiction

Yin has invoked this Court's jurisdiction under § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 2241. However, he has not alleged any facts from which the Court can reasonably infer that Thermo Fisher violated his rights under federal law.

The complaint refers to claims for "defamation" and "retaliation." A claim for defamation arises under state law, rather than federal law. In some specific contexts, federal law can provide the basis for a retaliation claim, such as when an employer takes an adverse action against an employee because the employee has opposed illegal discrimination by the employer. *See* 29 U.S.C. § 623(d); 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 12203. But not all retaliation violates federal law. Even assuming that defendant's alleged retaliatory action was sharing Yin's personnel file, he has not made any suggestion that it was done because he had opposed discriminatory practices by Thermo Fisher.[1] Thus, the mention of "retaliation" does not set forth a claim that would provide a basis for this Court to exercise its jurisdiction under § 1331.

---

[1] Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* (quoting *Educadores*, 367 F.3d at 68). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))

### 3. Diversity Subject-Matter Jurisdiction

Federal district courts also have jurisdiction over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 ("§ 1332"). For purposes of § 1332, a party is a citizen of the state in which he is domiciled. *See Garcia Perez v. Santaella*, 364 F.3d 348, 350 (1st Cir. 2004). A corporation is a citizen of every state in which it has been incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

Here, it appears that Yin and Thermo Fisher both citizens of Massachusetts. Yin provides a Massachusetts street address, leading the Court to presume that he is domiciled in Massachusetts. Publicly-available state records indicate that the Thermo Fisher Scientific Inc. has its principal place of business in Waltham, Massachusetts.[2] If Yin and Thermo Fisher are both citizens of Massachusetts, subject matter jurisdiction under § 1332 does not exist.

## III. Conclusion

For the foregoing reasons,

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. No later than September 30, 2017, plaintiff Lei Yin shall show cause why this action should not be dismissed for lack of subject-matter jurisdiction. Specifically, he must demonstrate either that (1) his claim arises under federal law, or (2) the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Failure to comply with this directive may result in dismissal of the action for lack of subject-matter jurisdiction.

---

[2] *See* Business Entity Summary for Thermo Fisher Scientific Inc., which can found on the web page of the Secretary of the Commonwealth of Massachusetts.
http://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?FEIN=042209186&SEARCH_TYPE=1 (last viewed August 10, 2017).

**So Ordered.**

                                                  /s/ F. Dennis Saylor
                                                  F. Dennis Saylor IV
                                                  United States District Judge

Dated: August 31, 2017