UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEI YIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THERMO FISHER SCIENTIFIC, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>17-10900-FDS |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons set forth below, the Court will order that this action be dismissed.

### I.  Factual Background

#### A.  Original Complaint

On May 5, 2017, Lei Yin, who is proceeding *pro se*, filed a complaint in which he alleged that his former employer, defendant Thermo Fisher Scientific, was liable for defamation and retaliation. In a memorandum and order dated August 31, 2017, the Court directed him to show cause why the action should not be dismissed for lack of subject-matter jurisdiction. The Court explained that Yin's alleged facts were too generalized to permit an inference that his former employer had violated federal law, thus precluding federal-question jurisdiction under 28 U.S.C. § 1331. The Court further observed that it did not appear that diversity jurisdiction existed under 28 U.S.C. § 1332 because both parties were citizens of Massachusetts.

#### B.  Show-Cause Response

On September 18, 2017, Yin filed a timely show-cause response containing factual allegations set forth in five numbered sections. On September 25, 2017, he filed supporting

exhibits. While the allegations are not a model of clarity, they appear to indicate the following.

Yin is a 52-year-old United States citizen who immigrated from China. Sometime prior to June 2009, he was hired by Thermo Fisher. He worked as a senior scientist managing a team of four other Thermo Fisher employees, all of whom were also immigrants to the United States. Yin and his team worked on site at "J&J," a client of Thermo Fisher. After two months of working on-site at J&J, J&J expressed its satisfaction in writing with the performance of Yin and his team members.

At some point prior to his completion of that work, Thermo Fisher conducted a formal performance evaluation of Yin and his team. Initially, an employee involved with the review rated the work of Yin and all the members of his team as "poor" and wanted to put them on performance improvement plans. According to Yin, the employee rated Yin and his team based on her "malicious" religious beliefs that "In GOD's eyes, everyone is sinful and needs some improvement." Show Cause Resp. at 2. Yin refused to sign the evaluation and complained in writing to managers at Thermo Fisher about the review. As a result, Thermo Fisher allegedly issued a new review of Yin's performance, giving him an "above average rating." Before Yin's contractual assignment to J&J ended, Thermo Fisher presented him with an award to honor his service.

Thermo Fisher's working site at the J&J office in Lexington later closed (as did the J&J office itself). Thermo Fisher gave Yin and his team 60 days' written notice of the employment termination; Yin and his team members worked "to the last day." *Id.*

Thereafter, Yin and his team members filed for unemployment benefits. Thermo Fisher contested their eligibility. However, on June 26, 2009, the Commonwealth's Department of Unemployment found that Yin was eligible for unemployment benefits.

Yin then asked Thermo Fisher to provide him with a copy of his personnel file. The documents that he received in response to that request allegedly did not include some papers that he believed had previously been in his personnel file: a review of his work in which he earned an "above average" rating; a review giving him a "poor" rating, which he had rejected; an official record of the performance award he had received; and written confirmation from two project heads at J&J of his completion of assignments. He further contends that Thermo Fisher had added new documents to the file, including an unsigned and very critical review of his work and the nomination form for the performance award he had received.

Yin alleges that he experienced difficulty in finding permanent employment, although he received many interviews. He found that once he provided his potential employer with a reference list, which included Thermo Fisher, he was not offered employment. He believes that Thermo Fisher was making false and negative statements about him to potential employers, even though Thermo Fisher had agreed to limit its reference to confirming the dates of his employment and his position title. Yin alleges that Thermo Fisher altered his personnel file and gave him poor references in retaliation for pursuing his claim for unemployment compensation.

### C.     Order on the Show-Cause Response

On September 26, 2017, the Court issued an order stating that it construed the show-cause response as an amended complaint, and that it appeared that Yin alleged claims for discrimination based on race and age, in violation of federal law, among other claims. The Court concluded that it had subject-matter jurisdiction (in light of the federal claims), but that the amended complaint did not comply with Rule 8(a) of the Federal Rules of Civil Procedure. The Court directed Yin to further amend his complaint if he wished to proceed.

D.     **Amended Complaint**

On October 4, 2017, Yin filed an amended complaint.[1] The factual allegations in that document are virtually identical to those in his show-cause response. He did not include the exhibits supporting the show-cause response, although he incorporates them by reference. The amended complaint asserts twelve counts, eight of which refer to federal law: (1) 42 U.S.C. § 1981 ("§ 1981"); (2) discrimination on the basis of age, race, ethnicity and national origin, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000c *et seq.* ("Title VII"); (3) violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (4) violations of the First Amendment and under the False Claims Act of 1986, 31 U.S.C. § 3729 ("FCA"); (5) retaliation and whistle-blowing, in violation of the FLSA; (6) violation of the First Amendment; (7) fraud and intentional/negligent misrepresentation; (8) breach of contract; (9) breach of the covenant of good faith and fair dealing and violation of the Seventh Amendment; (10) wrongful discharge in violation of public policy and violation of the First Amendment; (11) tort or equitable claims, including abuse of process, civil conspiracy, defamation, perjury, infliction of emotional distress, loss of consortium, misrepresentation, negligence, and tortuous interference with Advantageous relations; and (12) promissory estoppel.

A summons has not issued pending the Court's review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which permits the court to dismiss an *in forma pauperis* case at any time if it finds, among other things, that the operative complaint fails to state a claim upon which relief can be granted.

---

[1] On October 4, 2017, the Clerk received two amended complaints from Yin, one dated October 1, 2017, and the other dated October 2, 2017. In a subsequent letter, Yin stated that he intended the amended complaint dated October 2, 2017 to be the operative pleading.

**II.     Analysis**

To state a claim upon which relief can be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The pleading must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not as onerous as a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). A plaintiff must "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Determining whether a pleading meets the plausibility requirement is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

As set forth below, the complaint fails to plead facts from which the Court can reasonably

infer that Thermo Fisher can be found liable under federal law.

### A. Counts One and Two: Discrimination Based on Race, Ethnicity, National Origin, and Age

Title VII prohibits discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)) (alteration in original). The ADEA protects employees who are at least 40 years old from discrimination in employment based on their age. *See* 29 U.S.C. §§ 623, 631(a). Thus, Title VII, § 1981, and the ADEA together prohibit Thermo Fisher from discriminating against Yin based on his race, ethnicity, national origin, or age.

Yin represents that he is from China and that he is 52 years old. However, the complaint does not allege any facts from which the Court can reasonably infer that Thermo Fisher took adverse employment actions against Yin because of his race, ethnicity, national origin, or age. In other words, Yin has not alleged any plausible connection between his membership in those protected classes and Thermo Fisher's alleged misconduct. Because he fails to indentify a basis for inferring such a nexus, Counts One and Two fail to state a claim upon which relief can be granted.

Yin does complain that one employee, based on her own religious belief, gave poor ratings to him and his team members. But, according to Yin (who has not identified his religious belief), when he complained to a supervisory employee at Thermo Fisher, the performance improvement plan was eliminated and he was given an "above average" rating. The complaint thus does not allege facts sufficient to support a claim that he was discriminated against on the

basis of religion.

The complaint does allege facts that would permit an inference that Thermo Fisher altered Yin's personnel file in retaliation for his pursuit of unemployment compensation, but such alleged misconduct does not give rise to a claim for relief under Title VII, § 1981, or the IDEA.

### B.   Counts Three and Five:  FLSA

The FLSA was enacted in 1938 "to protect all covered workers from substandard wages and oppressive working hours."  *Encino Motorcars, LLC v. Navarro*, --U.S.--, 136 S. Ct. 2117, 2121 (2016) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981).  It establishes minimum wage, overtime pay, recordkeeping, and youth employment standards affecting employees in the private sector and in government.  The FLSA also prohibits discrimination against any employee for complaining about practices that are prohibited by the FLSA.  *See*  29 U.S.C. § 215(a)(3).

Yin does not identify, and the Court cannot discern, any provision of the FLSA that is applicable to the factual allegations presented in this case.  He does not allege any violations of the wage, hour, or recordkeeping requirements of the FLSA.  Further, retaliation for pursuing unemployment benefits is not implicated by anti-retaliation provision of the FLSA.

### C.   Counts Four, Six, Nine and Ten:  First and Seventh Amendments

The complaint further alleges that Thermo Fisher violated his First Amendment rights. However, "the First Amendment prohibits Congress and other government and actors from 'abridging the freedom of speech.'"  *Matal v. Tam*, --U.S.--, 137 S. Ct. 1744, 1757 (2017).  It does not reach the conduct of private conduct.  *See, e.g.*, *Cohen v. Cowles Media Co.*, 501 U.S. 663, 668 (1991) (if alleged misconduct does not "involve[] 'state action' within the meaning of

the Fourteenth Amendment," "the First Amendment has no bearing on this case"). This action was brought against a private entity, and there is no suggestion that Thermo Fisher's alleged misconduct was "fairly attributable" to the government. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Accordingly, the complaint fails to state a claim for a violation of the First Amendment.

The Seventh Amendment provides that, "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. The complaint does not allege that Thermo Fisher has deprived him of a right to a jury trial.

### D.      Count Four:  False Claims Act

The FCA prohibits the making of certain false claims to the United States, or, in appropriate circumstances, to a government contractor. *See* 28 U.S.C. § 3729(a)(1), (b)(2). The complaint fails to state a claim under the FCA because it does not allege that Thermo Fisher knowingly made any false claims to the federal government.

### E.      State-Law Claims

To the extent that the complaint asserts claims for relief under state law, the Court declines to assert supplemental jurisdiction over those claims.

## III.     Conclusion

For the foregoing reasons, this case is DISMISSED for failure to state a claim upon

which relief can be granted.

**So Ordered.**

/s/ F. Dennis Saylor
_____

Dated:  December 11, 2017

F. Dennis Saylor IV
United States District Judge